**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WACHOVIA BANK, N.A.,

    Plaintiff,

vs.                                                        CASE NO. 3:09-cv-196-J-25TEM

M/V SERENDIPITY, *in rem*, KEYS
SERENDIPITY, LTD, a Delaware
Corporation, and LUKE L. LEONAITIS,
*in personam*,

    Defendants.
_____/

**O R D E R**

This matter is before the Court on the Defendants' Motion for Protective Order (Doc. #75, Motion). In the Motion, Defendants seek to forbid the deposition of Greg Wager, noticed by Plaintiff for December 17, 2010.[1] Upon consideration, the Court found good cause to stay the deposition pending resolution of the Motion (Doc. #78). Plaintiff has filed a response in opposition to the Motion (Doc. #79)—to which, Defendants have filed a reply brief (Doc. #86). Also pending before the Court is Defendants' first Motion to File Expert Disclosures Out of Time (Doc. #72), Plaintiff's response in opposition thereto (Doc. #76), and Defendants' reply brief (Doc. #85). Subsequently, Plaintiff filed two sur-reply documents responsive to Defendants' reply briefs (Docs. #88 and #89). A hearing on these matters was held before the undersigned on January 6, 2011.[2]

---

[1] It should be noted that in docket entries #60 and #62, the undersigned erroneously referred to Greg Wager as Greg Wagner.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

For the reasons stated herein and on the record at the hearing, Defendants' Motion for Protective Order (Doc. #75) shall be **DENIED in part** and Defendants' Motion to File Expert Disclosures Out of Time (Doc. #72) shall be **GRANTED**.

By way of background, Plaintiff filed this action under the Ship Mortgage Foreclosure Act, 46 U.S.C. § 31325, *et seq.*, to foreclose a first preferred ship mortgage and recover related damages from the *in personam* Defendants (Keys Serendipity, Ltd. and Luke L. Leonaitis) (Doc. #1). Through the *in rem* action, Plaintiff acquired the M/V SERENDIPITY following a public United States Marshals' sale (Doc. #38).  After the subsequent close of discovery, Defendants filed a Motion for Final Summary Judgment (Doc. #41), arguing there is no resulting deficiency for which Defendants may be liable given the fair market value of the vessel acquired by Plaintiff.  In support thereof, Defendants relied upon a marine survey, disclosed by Plaintiff, which was conducted by Mr. Larry Vanscoy on May 22 and 23, 2009 (Doc. #41-1).[3]

In its response in opposition to Defendants' motion for final summary judgment (Doc. #45), Plaintiff submitted: (1) an affidavit from a previously undisclosed witness, Mr. Shane Hunt, which sets forth his opinion as to the fair market value of the vessel at the time of its sale (this estimate is approximately $550,000 less than the May 22 and 23, 2009 appraisal by Mr. Vanscoy, *supra*) (*see* Doc. #45-1); (2) a field survey from a previously undisclosed witness, Mr. Greg Wager, dated February 26, 2010, which sets forth his opinion as to the extent of the alleged deterioration of the vessel and the approximate cost

---

[3]This marine survey estimates the value of the M/V SERENDIPITY at $1,280,000 (Doc. #41-1 at 5).

of alleged necessary repairs (Doc. #45-7);[4] and (3) various materials relating to Plaintiff's resale of the vessel on or about February 22, 2010 (Doc. #45-6). Because these witnesses and materials had not been previously disclosed within the deadline(s) set by the Court's Case Management and Scheduling Order (Doc. #27), Defendants filed a motion to strike said documents from the record (Doc. #46).

On April 7, 2010, the Court denied Defendants' motion to strike and granted Defendants leave to depose Shane Hunt by April 27, 2010, and to file a seven-page reply brief to Plaintiff's opposition to the summary judgment motion (*see* Doc. #49, Order).[5] After the Court's denial of Defendants' motion to strike, in what Plaintiff couched as a "formality," Plaintiff filed a Motion for Leave to File Expert Disclosures Out of Time (Doc. #50). Subsequently, Defendants filed and Unopposed Motion to Modify the Case Management and Scheduling Order to Permit Limited Discovery (Doc. #53) regarding the fair market value of the subject vessel at the time of its sale. This motion set forth Defendants' desire to obtain their own valuation expert and anticipated the unearthing of a third-party insurer's valuation survey which was conducted prior to the vessel's arrest (*see* Doc. #53 at 2, ¶ 4). This motion was granted by the District Court by Endorsed Order dated July 9, 2010 (Doc. #58). The Court's July 9, 2010 Order (Doc. #58) did not specify a time period by which such additional discovery was to be completed.

---

[4]It is Greg Wager's opinion that, at the time of his survey, the M/V SERENDIPITY was in need of approximately $250,000 to $300,000 worth of repairs (Doc. #45-7 at 6).

[5]On May 14, 2010, Defendants filed their reply brief (Doc. #54); however, they never deposed Shane Hunt.

With respect to Plaintiff's previously filed Motion for Leave to File Expert Disclosures Out of Time (Doc. #50), since the subject expert reports were permitted to remain in the record *via* the denial of the motion to strike, *supra,* and since Defendants were permitted additional discovery regarding the fair market value of the subject vessel, the undersigned found no legitimate purpose would be advanced by not permitting Plaintiff to formally serve the proposed expert disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. Therefore, Plaintiff's Motion for Leave to File Expert Disclosures Out of Time (Doc. #50) was granted by the Court on August 11, 2010 (Doc. #60).

Defendants have since filed the instant Motion to Disclose Experts Out of Time (Doc. #72), wherein Defendants seek to disclose Mr. David Veith, who was obtained pursuant to the District Court's July 9, 2010 Order (Doc. #58), *supra*, and Mr. Larry Vanscoy, who was retained by Plaintiff in the early stages of the litigation, *supra*.[6]

For the reasons stated on the record at the hearing, and because the undersigned finds the District Judge should have before him all available information with respect to the value of the vessel, it is hereby **ORDERED**:

    1. Defendants' Motion to Disclose Experts Out of Time (Doc. #72) is **GRANTED**.

    2. Defendants' Motion for Protective Order (Doc. #75) is **DENIED in part**. Specifically:

        (i) Mr. Greg Wager's deposition, for use at trial, will be allowed;

---

[6]In the motion (Doc. #72), Defendants also seek to disclose a retained expert, Mr. Drew Kwederas. It is maintained, however, that Plaintiff is in possession of Mr. Kwederas' report and that it does not oppose his disclosure (Doc. #72 at 4).

4

    (ii) Defendants shall be permitted to take, for use at trial, the depositions of Mr. Larry Vanscoy and Mr. David Veith; and

    (iii) as Defendants did not take advantage of their opportunity to depose Mr. Shane Hunt within the time-period provided in the Court's April 7, 2010 Order (Doc. #49), the undersigned will <u>not</u> permit his deposition at this juncture.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of January, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge